[Civ. No. 18233.   Second Dist., Div. One.   Aug. 15, 1951.]

EDWARD E. LEATHERBURY, Respondent, v. PERCY FAVEL et al., Appellants.

Spray, Gould & Bowers for Appellants.

Nat C. Recht for Respondent.

DRAPEAU, J.—Plaintiff was driving his automobile west on Van Owen Boulevard in the San Fernando Valley. He was on his own right hand side of the street, as far over as he could get, against a dirt embankment thrown up by a ditch digger.

Defendant was driving a pickup truck in the other direction, drifting from side to side of the street. Defendant ran into the side of plaintiff's car, but he didn't stop; he just kept on going.

Plaintiff got out of his car and into another one going east on Van Owen. After chasing defendant for a mile or so they caught him, and headed him into the curb. The driver of the pursuing car left to call the police; plaintiff went to defendant's pickup to get his license number.

The door of the cab on the pickup was open. Plaintiff put his foot on the attenuated running board, or door sill, of the truck. Plaintiff had a pad of paper on his knee and a pencil in his right hand.

Then, without warning, defendant gunned his truck and started it with a jerk. The open door struck plaintiff. To save himself further injury he grabbed the side of the cab and swung himself into the rear of the truck.

Plaintiff beat on the top of the cab to stop defendant, but he only went faster. Without stopping for a boulevard sign, defendant rounded a corner at high speed and ran full tilt into a telephone pole. Plaintiff was thrown out of the truck, was seriously injured, and was in Birmingham Veterans' Hospital for two months.

The arresting officer tested defendant for sobriety, and testified that in his opinion defendant was under the influence of liquor. A witness who saw defendant's driving, and observed him after the accident testified to the same opinion. Defendant admitted he had been drinking.

Defendant appeals from the judgment rendered against him. He argues that plaintiff comes within the category "nor any other person" in Vehicle Code, section 503, and, therefore, as a guest in the pickup may not recover; also that the judgment against the coowner of the truck is without support in the record.

In the circumstances of this case section 403 of the Vehicle Code has no application. (*Kastel* v. *Stieber*, 215 Cal. 37 [8 P.2d 474].)

Section 402(a) of the Vehicle Code fixes the liability of the coowner.

The evidence supports the findings, and the findings support the judgment in every respect.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.